THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SENTINEL INSURANCE COMPANY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | No.: 16-cv-07746 |
| vs. | ) | |
| | ) | Honorable John Robert Blakey |
| REAL TAX ACQUISITIONS, LLC, TRYKO | ) | Magistrate Michael T. Mason |
| PARTNERS LLC, ELIZA GARZON, and FIRST | ) | |
| NATIONAL ASSETS MANAGEMENT, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, SENTINEL INSURANCE COMPANY LTD. ("Sentinel"), by its attorneys, Michael J. Duffy and Abigail E. Rocap of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Amended Complaint for Declaratory Judgment against Defendants REAL TAX ACQUISITIONS LLC ("RTA"), TRYKO PARTNERS LLC ("Tryko"), ELIZA GARZON ("Garzon"), and FIRST NATIONAL ASSETS MANAGEMENT, LLC ("First National"), states as follows:

**STATEMENT OF CASE**

1.      This action seeks a declaration, pursuant to 28 U.S.C. §2201, that Sentinel owes no insurance coverage obligations to RTA, Tryko, and/or Garzon in connection with the claims against them in a lawsuit styled as First National Assets Management, LLC v. Garzon, Case No. 2016 CH 06597, currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division ("First National Suit"). A copy of the Second Amended Verified Complaint for Injunctive Relief and Damages in the First National Suit is attached as Exhibit A.

**PARTIES, JURISDICTION AND VENUE**

2.      Sentinel is an insurance company existing under the laws of Connecticut with its principal place of business in Connecticut.

3.      RTA is an Illinois limited liability company with its principal place of business in Illinois.  The members of RTA are citizens of Illinois or New Jersey.

4.      Tryko is a New Jersey limited liability company with its principal place of business in Brick, New Jersey. The members of Tryko are citizens of New Jersey.

5.      Garzon is an Illinois citizen and a resident of this District.

6.      First National is an Illinois limited liability company with its principal place of business in Illinois. The members of First National are citizens of Illinois.  First National is jointed only as an interested party to be bound by the judgment herein.

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendants, who do business within this District, and because this case involves coverage under certain insurance policies issued in this District for a lawsuit pending within the geographical boundaries of this District.

**FACTS**

9.      Sentinel issued a liability policy to RTA bearing policy number 83 SBA NX6200 SA effective annually from April 22, 2016 to April 22, 2017 ("Sentinel Policy").  The Sentinel Policy has a $1 million each occurrence limit, a $1 million personal and advertising limit and a $2

2

million general aggregate limit.  The Sentinel Policy also contains excess umbrella coverage in the amount of $1 million with a $10,000 self-insured retention.  A copy of the Sentinel Policy is attached as Exhibits B.

10.     The primary liability coverage in the Sentinel Policy provides, in part, as follows:

**BUSINESS LIABILITY COVERAGE FORM**

**A.     COVERAGES**

**1.     BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

**Insuring Agreement**

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury" to which this insurance does not apply.

*     *     *

b.     This insurance applies:

(1)     To "bodily injury" and "property damage" only if:

(a)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;

3

        (b)    The "bodily injury" or "property damage" occurs during the policy period; and

*    *    *

        (2)    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

*    *    *

**B.**    **EXCLUSIONS**

    **1.**    **Applicable To Business Liability Coverage**

    **This insurance does not apply to:**

        **a.**    **Expected Or Intended Injury**

        (1)    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or

        (2)    "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

*    *    *

4

**k.** **Damage To Property**

"Property damage" to:

(1)     Property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

\*     \*     \*

(4)     Personal property in the care, custody or control of the insured;

\*     \*     \*

**p.** **Personal and Advertising Injury**

\*     \*     \*

(2)     Arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period.

\*     \*     \*

(4)     Arising out of any breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement";

\*     \*     \*

(7) (a)[1]     Arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade

---

[1] Exclusion p.7 is quoted as amended by Endorsement.  Ex. B., Form SS 00 60 09 15.

5

name, trade secret, service mark or other designation of origin or authenticity; or

(b)     Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit," regardless of whether this insurance would otherwise apply.

However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:

(1)     Infringement, in your "advertisement," of:

(a)     Copyright;

(b)     Slogan; or

(c)     Title of any literary or artistic work; or

(2)     Copying, in your "advertisement," a person's or organization's "advertising idea" or style of "advertisement."

\*      \*      \*

(15)[2]     Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.  This exclusion applies even if damages are

---

[2] Exclusion p.15 is quoted as amended by Endorsement.  Ex. B., Form SS 00 60 09 15.

6

claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses, or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

*       *       *

**q.[3]     Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

(1)     Damages, other than damages because of "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

(2)     Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph (1) or (2) above.

However, unless Paragraph (1) above applies, this exclusion does not apply to damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and

---

[3] Exclusion q is quoted as amended by Endorsement.  Ex. B., Form SS 00 60 09 15.

7

applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instruction which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data.

\*  \*  \*

**C.    WHO IS AN INSURED**

1.    If you are designated in the Declarations as:

\*  \*  \*

c.    A limited liability company, you are an insured. Your members are also insured, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\*  \*  \*

2.    Each of the following is also an insured:

a.    Employees and Volunteer Workers

Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

8

\*  \*  \*

**G.  LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

\*  \*  \*

5.  "Bodily injury" means physical:

a.  Injury;

b.  Sickness; or

c.  Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\*  \*  \*

7.  "Electronic data" means information, facts or programs:

a.  Stored as or on;

b.  Created or used on; or

c.  Transmitted to or from

computer software, including systems and applications software, hard of floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

8.  "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

\*  \*  \*

13.  "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include "temporary worker."

\*  \*  \*

9

16.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17.[4]   "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

a.      False arrest, detention, imprisonment;

b.      Malicious prosecution;

c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owners, landlord or lessor;

d.      Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

However, paragraphs a., b., c. and d. do not include such offenses is arising out of or in any way related to, mortgage, lien, mortgage servicing or lien servicing operations conducted by or on behalf of the insured, including but not limited to:

(1)     The restructure, termination, transferor collection of any load, lease or extension of credit; or

(2)     The repossession or foreclosure of property;

e.      Oral, written or electronic publication of material that violates a person's right of privacy.

However, paragraph e. does not include any offense when alleged, charged or suffered by a "customer";

---

[4] The definition of "personal and advertising injury" is quoted as amended by Endorsement. Form SS 50 70 09 15.

10

       f.      Copying in your "advertisement," a person's or organization's "advertisement idea" or style of "advertisement";

       g.      Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

\*      \*      \*

20.    "Property damage" means:

       a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

       b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

As used in this definition, "electronic data" is not tangible property.

\*      \*      \*

22.    "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

\*      \*      \*

Exhibit B, Form SS 00 08 04 05.

11.    The excess umbrella coverages in the Sentinel Policy provides, in part, as follows:

11

**SECTION I – COVERAGES**

**Insuring Agreements**

**A.     Umbrella Liability Insurance**

1.     We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence."

\*          \*          \*

2.     This insurance applies to "bodily injury," "property damage" or "personal and advertising injury" only if:

a.     The "bodily injury," "property damage" or "personal and advertising injury" occurs during the "policy period"; and

\*          \*          \*

**B.     EXCLUSIONS**

This policy does not apply to:

\*          \*          \*

**4.     Personal and Advertising Injury[5]**

This policy does not apply to "personal and advertising injury."

**EXCEPTION**

This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance," but in no event shall any "personal and advertising injury"

---

[5] This exclusion is quoted as amended by Endorsement titled FOLLOWING FORM ENDORSEMENT – PERSONAL AND ADVERTISING INJURY, Form SX 24 33 06 10.

coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply. Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies.

\*       \*       \*

**9.      Damage to Property**

"Property damage" to property you own.

\*       \*       \*

**14.      Expected or Intended**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured."

This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect the persons or property.

\*       \*       \*

**16.      Property Damage to Employee's Property**

With respect to coverage afforded any of your "employees", to "property damage" to property owned or occupied by or rented or loaned to:

a.      That "employee";

b.      Any of your other "employees";

c.      Any of your partners or members (if you are a partnership or joint venture); or

d.      Any of your members (if you are a limited liability company);

\*       \*       \*

13

22. **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability[6]**

Damages arising out of:

(1) Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

(2) The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out that which is described in Paragraph (1) or (2) above.

However, unless Paragraph (1) above applies, this exclusion does not apply to damages because of "bodily injury."

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications, software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*　　\*　　\*

---

[6] This exclusion is quoted as amended by Endorsement titled EXCLUSION ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION, Form SX 23 15 12 15.

14

**Care, Custody or Control of Personal Property[7]**

This policy does not apply to "property damage" to personal property:

1.      Rented to;

2.      Used by; or

3.      In the care, custody or control;

Of any "insured" or as to which any "insured" is for any purpose exercising physical control.

\*       \*       \*

**Access Or Disclosure Of Confidential Or Personal Information[8]**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or person information.

\*       \*       \*

---

[7] This exclusion is added by Endorsement titled EXCLUSION – CARE, CUSTODY OR CONTROL OF PERSONAL PROPERTY, Form SX 21 04 06 97.

[8] This exclusion is added by Endorsement titled EXCLUSION ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION, Form SX 23 15 12 15.

**SECTION III     WHO IS AN INSURED**

\*     \*     \*

A.      If you are doing business as:

\*     \*     \*

3.      A limited liability company, you are an "insured". Your members are also "insureds", but with only respect to the conduct of your business.  Your managers are "insured", but only with respect to their duties as your managers.

\*     \*     \*

B.      Each of the following is also an "insured":

1.      Your "volunteer workers" only while performing duties related to the conduct of your business or your "employees" other than you "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts:

a.      Within the scope of their employment by you or while performing duties related to the conduct of your business: and

b.      Only if such "volunteer workers" or "employees" are "insureds" in the "underlying insurance" with limits of liability at least as high as set forth in the Extension Schedule of Underlying Insurance Policies, subject to all the limitations upon coverage and all other policy terms and conditions of such "underlying insurance" and this policy.

\*     \*     \*

16

**SECTION VII – DEFINITIONS**

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.**

A.   **"Accident"** means the continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

*      *      *

D.   **"Damages"**[9] means a monetary award, monetary settlement or monetary judgment.

The following are not considered "damages" and are not covered by this policy:

1.   Fines, penalties, sanctions or taxes;

2.   Attorney's fees and costs associated with any non-monetary relief awarded against the "insured"; or

3.   Any monetary award, monetary settlement or monetary judgment for which insurance is prohibited by the law(s) applicable to the construction of this policy.

E.   **"Insured"** means any person or organization qualifying as an "insured" in the applicable WHO IS AN INSURED provision of this policy.  The insurance afforded applies separately to each "insured" against whom claim is made or "suit" is brought, except with respect to the limit of our liability under LIMITS OF INSURANCE (SECTION IV).

F.   **"Occurrence"** means:

1.   With respect to "bodily injury" or "property damage," an "accident," including continuous or repeated exposure for substantially the same general harmful conditions; and

---

[9] The definition of "damages" is quoted as amended by Endorsement.  See Exhibit B, Form SX 02 04 01 09.

      2.       With respect to "personal and advertising injury," an offense described in one of the numbered subdivisions of that definition in the "underlying insurance."

\*     \*     \*

H.    **"Self-insured retention"** means the amount stated as such in the Declarations which is retained and payable by the "insured" with respect to each occurrence."

I.    **"Underlying insurance"** means the insurance policies listed in the Extension Schedule of Underlying Insurance Policies, including any renewals or replacements thereof, which provide the underlying coverages and limits stated in the Schedule of the Underlying Insurance Policies.

Exhibit B, Form SX 80 02 04 05.

\*     \*     \*

12.    RTA and Tryko have demanded that Sentinel defend and indemnify them with respect to the claims in the <u>First National</u> Suit.

13.    Sentinel denies that it owes RTA, Tryko, and/or Garzon any defense or indemnity obligations with respect to the claims against them in the <u>First National</u> Suit.

14.    An actual and justiciable controversy exists between Sentinel and Defendants as to the availability of insurance coverage for RTA, Tryko, and/or Garzon with respect to the <u>First National</u> Suit under the Sentinel Policy.   Pursuant to the Federal Declaratory Judgment Act, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

2179776v.1

<u>**COUNT I**</u>
**NO "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE"**

15.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 14 above as if fully set forth herein.

16.     Subject to all of its terms, the Sentinel Policy provides coverage for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in the Sentinel Policy.

17.     The claims against RTA, Tryko, and/or Garzon in the <u>First National</u> Suit do not concern claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

18.     Accordingly, Sentinel does not owe any defense or indemnity obligations to RTA, Tryko and/or Garzon under the "bodily injury" or "property damage" coverage of the Sentinel Policy for the claims against them in the <u>First National</u> Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify RTA, Tryko and/or Garzon for the claims against them in the <u>First National</u> Suit; and

B.     For all such just and equitable relief, including costs of this suit.

<u>**COUNT II**</u>
**NO "PERSONAL AND ADVERTISING INJURY"**

19.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 14 above as if fully set forth herein.

2179776v.1

20.     Subject to all of its terms, the Sentinel Policy provides coverage for claims for "damages" because of "personal and advertising injury" caused by an offense committed during the policy period, as those terms are defined and used in the Sentinel Policy.

21.     The claims asserted against RTA, Tryko, and/or Garzon in the First National Suit do not concern claims for "damages" because of "personal and advertising injury."

22.     There is no coverage for those claims asserted against RTA, Tryko, and/or Garzon in the First National Suit that are based upon offenses committed prior to the Sentinel Policy's policy period.

23.     Therefore, Sentinel does not owe any defense or indemnity obligations to RTA, Tryko and/or Garzon under the "personal and advertising injury" coverage of the Sentinel Policy for the claims in the First National Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify RTA, Tryko, and/or Garzon for the claims against them in the First National Suit; and

B.     For all such just and equitable relief, including costs of this suit.

### COUNT III
**INTELLECTUAL PROPERTY EXCLUSIONS PRECLUDE COVERAGE**

24.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 14 above as if fully set forth herein.

25.     The Sentinel Policy precludes coverage for "personal and advertising injury" claims "[a]rising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or

20

other designation of origin or authenticity" and for "any injury or damage alleged in any claim or 'suit' that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply."

26.     The claims asserted against RTA, Tryko, and/or Garzon in the <u>First National</u> Suit fall within the Intellectual Property Exclusion in the Sentinel Policy.

27.     Accordingly, Sentinel has no duty to defend or indemnify RTA, Tryko, and/or Garzon for the claims against them in the <u>First National</u> Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify RTA, Tryko, and/or Garzon for the claims against them in the <u>First National</u> Suit; and

B.     For all such just and equitable relief, including costs of this suit.

### COUNT IV
### EXPECTED OR INTENDED INJURY EXCLUSIONS PRECLUDE COVERAGE

28.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 14 above as if fully set forth herein.

29.     The Expected or Intended Injury Exclusions in the Sentinel Policy preclude coverage for any "bodily injury" or "property damage" which is expected or intended from the insured's standpoint and for "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting the injury.

21

30.     To the extent that any injury or damage for "bodily injury", "property damage" or "personal and advertising injury" is alleged in the <u>First National</u> Suit, the Expected or Intended Exclusions bar coverage.

31.     Accordingly, Sentinel owes no coverage to RTA, Tryko, and/or Garzon for the claims against them in the <u>First National</u> Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no coverage to RTA, Tryko, and/or Garzon for the claims against them in the <u>First National</u> Suit; and

B.     For all such just and equitable relief, including costs of this suit.

## <u>COUNT V</u>
### Care, Custody or Control of the Insured Exclusions Preclude Coverage

32.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

33.     The Sentinel Policy precludes coverage for claims for "property damage" to personal property in the care, custody or control of the insured.

34.     Even if the <u>First National</u> Lawsuit concerned claims for damages because of "property damage", which is not the case, the claims would fall under the Care, Custody or Control Exclusions.

35.     Thus, Sentinel has no duty to defend or indemnify RTA, Tryko, and/or Garzon for the claims against them in the <u>First National</u> Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.    A declaration finding that Sentinel owes no duty to defend or indemnify RTA, Tryko, and/or Garzon for the claims against them in the <u>First National</u> Suit; and

B.    For all such just and equitable relief, including costs of this suit.

**COUNT VI**
**Owned Property Exclusions Preclude Coverage**

36.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

37.    The Sentinel Policy precludes coverage for claims for "property damage" to property the insured, or any of the insured's employees, own.

38.    Even if the <u>First National</u> Lawsuit concerned claims for damages because of "property damage", which is not the case, the claims would fall under the Owned Property Exclusions.

39.    Thus, Sentinel has no duty to defend or indemnify RTA, Tryko, and/or Garzon for the claims against them in the <u>First National</u> Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.    A declaration finding that Sentinel owes no duty to defend or indemnify RTA, Tryko, and/or Garzon for the claims against them in the <u>First National</u> Suit; and

B.    For all such just and equitable relief, including costs of this suit.

## COUNT VII
## ACCESS OR DISCLOSURE OF CONFIDENTIAL INFORMATION
## EXCLUSIONS PRECLUDE COVERAGE

40.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 14 above as if fully set forth herein.

41.     The Sentinel Policy precludes coverage for "personal and advertising injury" and data-related liability "arising out of any access to or disclosure of any… organization's confidential… information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of non public information."

42.     The claims asserted in the First National Suit fall within the Access or Disclosure of Confidential Information Exclusions in the Sentinel Policy.

43.     Accordingly, Sentinel has no duty to defend or indemnify RTA, Tryko, and/or Garzon for the claims against them in the First National Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify RTA, Tryko, and/or Garzon for the claims against them in the First National Suit; and

B.     For all such just and equitable relief, including costs of this suit.

24

## COUNT VIII
### NO COVERAGE FOR PERSONS OR ENTITIES WHO ARE NOT INSUREDS

44.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

45.     Subject to all of its terms, the Sentinel Policy provides coverage for those sums that an insured becomes legally obligated to pay as damages.

46.     Tryko and Garzon are not Named Insureds nor do they otherwise qualify as insureds under the Sentinel Policy as respects the claims against them in the First National Suit.

47.     Therefore, Sentinel has no duty to defend or indemnify Tryko and/or Garzon for the First National Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.      A declaration finding that Sentinel owes no duty to defend or indemnify Tryko, and/or Garzon for the claims against them in the First National Suit; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT IX
### PRIOR PUBLICATION EXCLUSION
### PRECLUDES COVERAGE

48.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

49.     The Sentinel Policy precludes coverage for claims "[a]rising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period."

25

50.     The claims in the <u>First National</u> Suit fall within the Prior Publication Exclusion in the Sentinel Policy.

51.     Accordingly, Sentinel owes no coverage to RTA, Tryko and/or Garzon for the claims asserted against them in the <u>First National</u> Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no coverage to RTA, Tryko and/or Garzon for the claims against them in the <u>First National</u> Suit; and

B.     For all such just and equitable relief, including costs of this suit.

**<u>COUNT X</u>**
**BREACH OF CONTRACT EXCLUSION**

52.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 14 above as if fully set forth herein.

53.     The Sentinel Policy precludes coverage for "personal and advertising injury" arising out of any breach of contract.

54.     To the extent that Garzon qualifies as an "insured" with respect to the <u>First National</u> Suit, the Breach of Contract Exclusion bars coverage for the claims asserted against Garzon that arise out of her breach of various agreements.

55.     Therefore, Sentinel owes no coverage to Garzon for certain claims in the <u>First National</u> Suit.

26

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.   A declaration finding that Sentinel owes no coverage to Garzon for the claims against her in the <u>First National</u> Suit; and

B.   For all such just and equitable relief, including costs of this suit.

**COUNT XI**
**"DAMAGES"**

56.   Plaintiff incorporates and restates the allegations of Paragraphs 1 though 14 above as if fully set forth herein.

57.   Subject to all of its terms, the Sentinel Policy only requires that the insurer pay "damages" which the insured becomes legally obligated to pay.

58.   The <u>First National</u> Suit seeks seeking a temporary restraining order and injunctive relief.

59.   These claims do not seek "damages" under the Sentinel Policy as that term is defined and used in the Policy or under applicable public policy.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.   A declaration finding that Sentinel owes no duty to defend or indemnify RTA, Tryko, and/or Garzon for these claims against then in the <u>First National</u> suit; and

B.   For all such just and equitable relief, including costs of this suit.

27

**COUNT XI**
**THE PERSONAL AND ADVERTISING EXCLUSION IN**
**THE EXCESS UMBRELLA COVERAGE PRECLUDES COVERAGE**

60.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 35 above as if fully set forth herein.

61.     The excess umbrella coverage for the Sentinel Policies precludes coverage for "personal and advertising injury" unless coverage for such "personal and advertising injury" is provided by "underlying insurance".

62.     Because there is no coverage provided for "personal and advertising injury" by the "underlying insurance", Sentinel has no duty to defend or indemnify RTA, Tryko, and/or Garzon for the claims against it in the First National Suit under the excess umbrella coverage.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify RTA, Tryko, and/or Garzon for the claims against them in the First National Suit; and

B.     For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

SENTINEL INSURANCE COMPANY LTD.

By:    /s/ Michael J. Duffy
                    One of Its Attorneys

28

2179776v.1

Michael J. Duffy (6196669)
michael.duffy@wilsonelser.com
Abigail E. Rocap (6310024)
Abigail.rocap@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 7 2015, I electronically filed the aforesaid document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Michael J. Duffy      
One of the Attorneys for
Sentinel Insurance Company Ltd.

29

2179776v.1